**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. _____**

| | | |
|---|---|---|
| **MICHAEL SOUTHARD,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | *Electronically Filed* |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No.** \_3:21-cv-607-DJH\_\_\_\_ |
| **NEWCOMB OIL CO., LLC,** | ) | |
| **d/b/a NEWCOMB OIL CO.** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant, Newcomb Oil Co., LLC d/b/a Newcomb Oil Co. ("Newcomb Oil"), pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, respectfully submits this Notice of Removal of this action from the Jefferson Circuit Court, the Court in which this case is currently pending, to the United States District Court for the Western District of Kentucky. As grounds for this removal, Newcomb Oil states as follows:

### LITIGATION FACTS

1.      On or about November 9, 2018, named Plaintiff Michael Southard (the "Plaintiff"), on purported behalf of himself and others similarly situated, filed a Complaint in the Jefferson Circuit Court, Commonwealth of Kentucky, captioned *Michael Southard v. Newcomb Oil Co., LLC d/b/a Newcomb Oil Co.*, bearing case number 18-CI-006503.

2.      On or about November 16, 2018, Plaintiff's Summons and Complaint were served on Newcomb Oil. Pursuant to 28 U.S.C. § 1446(a), a true copy of Plaintiff's Summons and Complaint and all other process, pleadings, and orders that have been served by or upon Newcomb Oil in the state court action are attached hereto as **Exhibit 1**, except as explained further below.

3. In his Complaint, among other claims, Plaintiff asserted federal statutory claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Accordingly, Newcomb Oil removed the case to federal court based on federal question jurisdiction under 28 U.S.C. § 1331. *See Michael Southard v. Newcomb Oil Company, LLC*, No. 3:18-CV-00803-CRS (W.D. Ky. Dec. 6, 2018), ECF No. 1.

4. Subsequently, Plaintiff amended his Complaint to delete the lone federal claim under the FLSA. *See id.* (W.D. Ky. Dec. 12, 2018), ECF. No. 5. A copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit 2**.

5. Newcomb Oil filed a motion to dismiss or, in the alternative, stay the case pending individual arbitration, pursuant to an arbitration agreement entered into between Plaintiff and Newcomb Oil. *See id.* (W.D. Ky. Dec. 12, 2018), ECF No. 6.

6. Plaintiff filed a motion to remand the case to state court. *See id.* (W.D. Ky. Dec. 12, 2018), ECF No. 7.

7. The District Court issued a memorandum opinion and order declining to exercise supplemental jurisdiction over Plaintiff's remaining claims and granting Plaintiff's motion to remand. *See id.* (W.D. Ky. Feb. 27, 2019), ECF Nos. 26, 27. The District Court failed to rule on Newcomb Oil's then-pending motion to dismiss or, in the alternative, stay pending arbitration. *See id.*

8. On appeal, the Sixth Circuit ruled that the District Court erred by not considering Newcomb Oil's pending motion to dismiss or, in the alternative, stay pending arbitration before ruling on Plaintiff's motion to remand. *See id.* (W.D. Ky. Nov. 12, 2019), ECF No. 30.

9. Following remand from the Sixth Circuit to the District Court, the District Court denied Newcomb Oil's motion to dismiss or, in the alternative, stay pending arbitration and

2

remanded to the Jefferson Circuit Court for further proceedings. *See id.* (W.D. Ky. Mar. 24, 2020), ECF Nos. 35, 36. The Sixth Circuit subsequently affirmed the District Court's opinion. *See id.* (W.D. Ky. Aug. 4, 2021), ECF No. 39.

10.     Following remand of the case to the Jefferson Circuit Court, Newcomb Oil filed an Answer to Plaintiff's Amended Complaint on September 7, 2021. A copy of the Answer is attached hereto as **Exhibit 3**.

## THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

11.     Plaintiffs seek compensatory, liquidated, and punitive damages, attorney's fees, and declaratory and injunctive relief from Newcomb Oil. (*See* Ex. 2, Am. Compl. at 15-16). Plaintiffs allege these damages stem from: (1) not being compensated for "off-the-clock" work performed before and after their shifts; (2) being denied rest and meal breaks and payment for these missed breaks; and (3) not being reimbursed for certain business expenses. (*See id.* ¶¶ 20, 23-28).

12.     Plaintiffs seek to represent a broad class of: "All current and former hourly nonexempt employees, including but not limited to, store attendants, clerks, cashiers, or other employees with similar job duties employed by Defendant in Kentucky at any time starting five years prior to the filing of the Complaint until resolution of this action." (*Id.* ¶ 29).

13.     Under the Class Action Fairness Act of 2005 ("CAFA"), a federal court has jurisdiction over a putative class action where the proposed class contains at least 100 persons, there is minimal diversity between the parties, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d).

14.     Subsequent to the case being remanded to the Jefferson Circuit Court, and based on Plaintiff's allegations in the Amended Complaint, Newcomb Oil conducted an investigation into

whether the numerosity, minimal diversity, and amount-in-controversy elements of CAFA are met here. (Declaration of Glenn Higdon, ¶ 5, attached as **Exhibit 4**).[1] This investigation revealed that each element of CAFA is indeed met in this action.[2]

15.    Numerosity. Plaintiff seeks to represent a class that greatly exceeds CAFA's 100-person requirement. Newcomb Oil's investigation revealed that Plaintiffs' proposed class, as broadly defined above, constitutes approximately 9,328 employees. (*Id.*, ¶ 6).

16.    Minimal diversity. Minimal diversity exists under CAFA where "any number of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Newcomb Oil is a citizen of Kentucky. (Ex. 2, Am. Compl. ¶ 8). Here, the proposed class includes citizens of Kentucky, Indiana, Illinois, and Tennessee. (Ex. 4, Higdon Decl. ¶ 7). Thus, there is minimal diversity between the members of the putative class and Defendant.

17.    Amount in controversy. Newcomb Oil's investigation revealed that CAFA's amount in controversy requirement of $5,000,000 is plausibly met here. *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Among other things, Plaintiffs seek on behalf of themselves and apparently thousands (indeed, nearly 10,000) of others similarly situated:

- Overtime pay for work allegedly performed "off-the-clock, including but not limited to cleaning the store after clocking out for the day, taking out the garbage after clocking out, requiring attendants who have already clocked out to report the status of the store to the incoming shift change, and being delayed from clocking in because the computer was not readily available." (Ex. 2, Am. Compl. ¶ 23).

---

[1] Glenn Higdon is Newcomb Oil's Human Resources Manager. (Ex. 4, Higdon Decl. ¶ 2).

[2] Newcomb Oil expressly reserves all arguments against class certification. Newcomb Oil waives no argument that this matter is improper for class certification by arguing this matter is removable under CAFA. *See Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (federal jurisdiction under CAFA does not depend on certification).

- Overtime pay for 30 minutes of meal-break time purportedly denied to putative Plaintiffs. (Ex. 2, Am. Compl. ¶ 52).

- Overtime pay for 10-20 minutes of rest-break time purportedly denied to putative Plaintiffs. (Ex. 2, Am. Compl. ¶ 52).

- Payment for unreimbursed business expenses, including "slip-resistant shoes, black work pants" and use of "personal cell phone for business expenses." (Ex. 2, Am. Compl. ¶ 20).

- Liquidated damages for the purportedly unpaid off-the-clock work, meal breaks and rest breaks and unreimbursed business expenses. (Ex. 2, Am. Compl. ¶ 44, 56-59).

- Punitive damages for the purportedly unpaid meal and rest breaks. (Ex. 2, Am. Compl ¶ 4, 52).

- Declaratory and injunctive relief. (Ex. 2, Am. Compl. ¶ 4).

- An award of reasonable attorney's fees under the Kentucky Wage and Hours Act's fee-shifting statute. (Ex. 2, Am. Compl. ¶ 4, 44 (citing KRS 337.385)).

In short, Plaintiffs are seeking wide-ranging monetary and injunctive relief on behalf of thousands of individuals that exceeds CAFA's $5,000,000 amount-in-controversy requirement even by conservative estimates. The average final hourly rate of each putative class member is approximately $9.95. (Ex. 4, Higdon Decl. ¶ 8). Plaintiff asserts that putative class members regularly worked overtime hours. (Ex. 2, Am. Compl. ¶ 40). Thus, some or all of the damages sought for off-the-clock work or missed meal or rest breaks would be recoverable at the overtime rates of the putative class members—on average approximately $14.92 per hour.[3] Plaintiffs are, therefore, claiming they are entitled to damages of approximately one hour per day of unpaid overtime for approximately 9,328 putative class members over a nearly eight-year long period.

18.    Further, Plaintiffs seek damages for purported unreimbursed business expenses, liquidated damages that would double any recovery for unpaid wages, punitive damages,

---

[3] The overtime rate is 1.5 times the regularly base hourly rate.

5

declaratory and injunctive relief, and an award of attorney's fees. In a similar case involving wage and hour claims for purported off-the-clock work and unpaid meal breaks for approximately 7,300 workers, Plaintiffs' class counsel estimated that its fees and costs alone to litigate the case through trial "would exceed $5,000,000." *See Hana Etcheverry v. Franciscan Health System, et al.*, No. 3:19-cv-05261-RJB-MAT (W.D. Wash. Jun. 10, 2021), ECF 67 at 18. Thus, a "fair reading" of the Amended Complaint is that the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

19.     Because the putative class contains at least 100 persons, there is minimal diversity of citizenship, and the aggregate amount in controversy more likely than not exceeds $5,000,000, this Court has original subject matter jurisdiction over this case. 28 U.S.C. § 1332(d).

20.     There is no one-year time limitation on removal after commencement of the action when removal is premised on the CAFA. *See* 28 U.S.C. § 1453(b). Removal of this action is timely because no pleading or other litigation document discloses CAFA jurisdiction on its face, and this Notice of Removal is being filed as a result of Newcomb Oil's investigation into its internal records, which established that CAFA's requirements are met here. *See Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 282-86 (6th Cir. 2016) (where statutory removal time limits have not been triggered by one of the plaintiff's litigation documents, a defendant may remove a case when the fruits of its own independent investigation demonstrate that the case satisfies CAFA's requirements).

21.     Because subject matter jurisdiction exists under 28 U.S.C. § 1332(d), this action is removable pursuant to 28 U.S.C. §§ 1446, 1453.

22.    In accordance with 28 U.S.C. 1446(d), Newcomb Oil will promptly file a copy of this Notice of Removal with the Jefferson Circuit Court and serve copies of this Notice of Removal on Plaintiff's counsel.

WHEREFORE, Newcomb Oil gives notice that the entire above-styled action now pending before the Jefferson Circuit Court, Civil Action No. 18-CI-003981, is hereby removed therefrom to this Court.

Respectfully submitted,

*/s/ Steven T. Clark*
John O. Sheller
Jeffrey A. Calabrese
Steven T. Clark
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky  40202
Phone: (502) 333-6000
john.sheller@skofirm.com
jeff.calabrese@skofirm.com
steven.clark@skofirm.com

*Counsel for Defendant,*
*Newcomb Oil Co.*

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on this 27th day of September, 2021, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF system, which will send email notification to the following:

Carolyn Hunt Cottrell, Esq.
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
ccottrell@schneiderwallace.com

*Lead Counsel for Plaintiff*

William M. Hogg
SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
3700 Buffalo Speedway, Suite 3700
Houston, Texas 77098
Phone: (713) 338-2560
whogg@schneiderwallace.com

*Of Counsel for Plaintiff*

Michael P. Abate
KAPLAN JOHNSON ABATE & BIRD LLP
710 West Main Street, Fourth Floor
Louisville, Kentucky 40202
Phone: (502) 416-1630
mabate@kaplanjohnsonlaw.com

*Local Counsel for Plaintiff*

/s/ Steven T. Clark
*Counsel for Defendant,*
*Newcomb Oil Co.*

109439.162255/8628913.1